## UNITED STATES COURT OF INTERNATIONAL TRADE

_____

| | |
|---|---|
| SOC TRANG SEAFOOD JOINT STOCK. COMPANY )<br>　　　　　　Plaintiff, )<br>　　　　　　　　　　　　　　　　　　　　　　)<br>　　v.　　　　　　　　　　　　　　　　　　 )　　Court No. 25-00030<br>　　　　　　　　　　　　　　　　　　　　　　)<br>UNITED STATES, 　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　　　)<br>　　　　　　Defendant. 　　　　　　　　　　)<br>_____ ) | |

## **COMPLAINT**

Plaintiff, Soc Trang Seafood Joint Stock Company., ("STAPIMEX") through its attorneys, International Trade Law Counselors, PLLC, alleges and states as follows:

### **ADMINISTRATIVE DECISION TO BE REVIEWED**

1. This Complaint is brought by Plaintiff to contest certain aspects of the countervailing duty order and associated final determination issued by the International Trade Administration of the United States Department of Commerce ("Commerce") in *Frozen Warmwater Shrimp from Indonesia: Antidumping Duty Order; Frozen Warmwater Shrimp From Ecuador, India, and the Socialist Republic of Vietnam: Countervailing Duty Orders.*, 89 Fed. Reg. 104982 (December 26, 2024) *Also see*, *Frozen Warmwater Shrimp From the Socialist Republic of Vietnam: Final Affirmative Countervailing Duty Determination,*, 89 Fed. Reg. 85500 (October 28, 2024), and accompanying Issues and Decision Memorandum ("*Final Determination*").

2. In the challenged decision, Commerce determined a countervailing duty margin of 2.84 percent.

## JURISDICTION

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c) and sections 516A(a)(2)(A)(i) and 516A(a)(2)(B)(iii) of the Tariff Act of 1930, as amended, codified as 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and 1516a(a)(2)(B)(iii). Plaintiff contests the Department's *Final Determination and Countervailing Duty Order* specifically as applied to Plaintiff.

## STANDING OF PLAINTIFF

4. Plaintiff, STAPIMEX, is a Vietnamese producer and exporter of the subject merchandise that was the subject of the underlying investigation. Plaintiff participated in the underlying ITA investigation as a mandatory respondent. Plaintiff, therefore, is an "interested party" within the meaning of Section 771(9)(A) of the Act, as amended, 19 U.S C § 1677(9)(A), and has standing pursuant to Section 516A(d) of the Act, as amended, 19 U.S.C § 1516a(d).

## TIMELINESS OF THIS ACTION

5. The contested countervailing duty order was published in the Federal Register on December 26, 2025. Plaintiff STAPIMEX is filing a Summons concurrently with this Complaint of the *Countervailing Duty Order*. The action is, therefore, timely filed pursuant to Section 516A(a)(2)(A)(i)(I) of the Tariff Act of 1930, as amended, 19 U.S C. § 1516a(a)(2)(A)(i)(I).

## STATEMENT OF FACTS

6. The countervailing duty investigation of frozen warmwater shrimp from Vietnam (Shrimp) was initiated November 21, 2023, pursuant to a request by the petitioners. *See Frozen Warmwater Shrimp from Ecuador, India, Indonesia, and the Socialist Republic of Vietnam: Initiation of Countervailing Duty Investigations,* 88 FR 81053 (November 21,

2023). STAPIMEX fully participated in this investigation as a mandatory respondent.

7. On April 1, 2024, Commerce published its preliminary determination of the investigation. *See Frozen Warmwater Shrimp from the Socialist Republic of Vietnam: Preliminary Affirmative Countervailing Duty Determination, 89 Fed. Reg. 22374 (April 1, 2024).* Commerce determined a rate of 2.84 percent based on responses submitted by STAPIMEX.

8. On October 28, 2024, Commerce published its *Final Determination*. *See Frozen Warmwater Shrimp from the Socialist Republic of Vietnam: Final Affirmative Countervailing Duty Determination, 89 Fed. Reg. 85500 (October 28, 2024,* and accompanying Issues and Decision Memorandum ("*Final Determination*"). The rate was unchanged at 2.84 percent.

## STATEMENT OF THE CLAIMS

Plaintiff challenges the *Final Determination and Countervailing Duty Order* of the administrative review for the following reasons:

## COUNT ONE

9. Paragraphs 1 through 8 are adopted and incorporated, herein, by reference.

10. Commerce's decision to use a rental rate for a combination of land and logistical facilities in Thailand as a surrogate value in calculating a value for only land rental prices in Vietnam was not predicated on substantial evidence on the record, not reasonably determined, was arbitrary and capricious, and was otherwise not in accordance with law. Substantial evidence on the record demonstrated that land-only rental prices in the Philippines did constitute substantial evidence on the record.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a) hold that Commerce's *Final Determination* and *Countervailing Duty Order* were unsupported by substantial evidence and were otherwise not in accordance with law with respect to the claims advanced by Plaintiff in the Complaint; and

b) remand the *Final Determination* and *Countervailing Duty Order* to the Commerce Department with instructions to correct the errors set forth in this Complaint.

            Respectfully submitted,

            __*/s/ John J. Kenkel*_____
            John J. Kenkel
            International Trade Law Counselors, PLLC
            8647 Richmond Hwy, Suite 623
            Alexandria, Va. 22309
            Tel. (202) 390-4064
            InternationalTradeLawCounselors@outlook.com
January 24, 2025       *Counsel for Plaintiff*
            *Soc Trang Seafood Joint Stock Company*