**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE LEO M. GORDON, JUDGE**

| | |
|---|---|
| SOC TRANG SEAFOOD JOINT STOCK COMPANY,<br><br>        Plaintiff,<br><br>   v.<br><br>UNITED STATES,<br><br>        Defendant,<br><br>   and<br><br>AD HOC SHRIMP TRADE ACTION COMMITTEE and AMERICAN SHRIMP PROCESSORS ASSOCIATION,<br><br>        Defendant-Intervenors. | Court No. 25-00030 |

## PROPOSED JUDGMENT

Upon consideration of the motion for judgment upon the agency record filed by plaintiff Soc Trang Seafood Joint Stock Company (ECF 34), all responses thereto, the administrative record, and other pertinent papers, it is hereby

**ORDERED** that the motion is **DENIED**; and it is further

**ORDERED** that the U.S. Department of Commerce's final determination in this matter is sustained; and it is further

**ORDERED** that judgment is entered in favor of the United States.


Dated: _____                    _____
    New York, New York                    The Honorable Leo M. Gordon, Judge

# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE: THE HONORABLE LEO M. GORDON, JUDGE

| | |
|---|---|
| **SOC TRANG SEAFOOD JOINT STOCK COMPANY,**<br><br>   **Plaintiff,**<br><br> **v.**<br><br>**UNITED STATES,**<br><br>   **Defendant,**<br><br>  **and**<br><br>**AD HOC SHRIMP TRADE ACTION COMMITTEE and AMERICAN SHRIMP PROCESSORS ASSOCIATION,**<br><br>   **Defendant-Intervenors.** | **Court No. 25-00030** |

## RESPONSE BRIEF ON BEHALF OF THE
## <u>AD HOC SHRIMP TRADE ACTION COMMITTEE</u>

Nathaniel Maandig Rickard
Zachary J. Walker

**PICARD KENTZ & ROWE LLP**
1155 Connecticut Avenue NW
Suite 700
Washington, DC 20036
(202) 888-0595

*Counsel to Ad Hoc Shrimp Trade
 Action Committee*

Dated: July 23, 2025

# TABLE OF CONTENTS

Table of Authorities ................................................................................................. ii

Statement Pursuant to Rule 56.2 ............................................................................ 1

      A.   The Administrative Determination Under Review ........................... 1

      B.   The Issue of Law Presented................................................................. 2

Argument ................................................................................................................. 2

    I.   Commerce's Selection of Benchmark Information Is Reviewed Under the Substantial Evidence Standard of Review ........................................... 2

    II.   AHSTAC Incorporates by Reference the Arguments Presented In the Government's Response Brief ...................................................................... 5

Conclusion ............................................................................................................... 6

## <u>TABLE OF AUTHORITIES</u>

### Cases

*Am. Silicon Techs. v. United States*,
    262 F.3d 1371 (Fed. Cir. 2001)…………………………………………………4

*Archer Daniels Midland Co. v. United States*,
    No. 23-00239, 2025 WL 1303955 (Ct. Int'l Trade May 6, 2025)………………..4

*Habaş Sinai ve Tibbi Gazlar Istihsal Endüstrisi, A.Ş. v. United States*,
    536 F. Supp. 3d 1333 (Ct. Int'l Trade 2021)………………………………………4

*Loper Bright Enterprises v. Raimondo*,
    603 U.S. 369 (2024)……………………………………………………………3

*Matra Americas, LLC v. United States*,
    681 F. Supp. 3d 1339 (Ct. Int'l Trade 2024)……………………………………3

*Mosaic Co. v. United States*,
    589 F. Supp. 3d 1298 (Ct. Int'l Trade 2022) …………………………………...4

*Saha Thai Steel Pipe Public Co. v. United States*,
    101 F.4th 1310 (Fed. Cir. 2024) ………………………………………………3

*SeAH Steel VINA Corp. v. United States*,
    950 F.3d 833, 840 (Fed. Cir. 2020)……………………………………………3

### Statutes

19 U.S.C. § 1516a……………………………………………………………………1, 3

### Administrative Determinations

*Frozen Warmwater Shrimp From the Socialist Republic of Vietnam*,
    89 Fed. Reg. 85,500 (Dep't Commerce Oct. 28, 2024)……………………………1

*Frozen Warmwater Shrimp From Indonesia: Antidumping Duty Order;*
    *Frozen Warmwater Shrimp From Ecuador, India, and the Socialist*
    *Republic of Vietnam: Countervailing Duty Orders,* 89 Fed. Reg. 104,982
    (Dep't Commerce Dec. 26, 2024)………………………………………………2

## RESPONSE BRIEF ON BEHALF OF THE
## AD HOC SHRIMP TRADE ACTION COMMITTEE

On behalf of Defendant-Intervenor Ad Hoc Shrimp Trade Action Committee ("AHSTAC"), we hereby respond to Plaintiff Soc Trang Seafood Joint Stock Company's ("STAPIMEX") motion for judgment on the agency record. *See* Memorandum of Law in Support of Pl. Soc Trang Seafood Joint Stock Co.'s 56.2 Mot. For J. Upon the Agency Record, May 16, 2025 ("Pl's Br."), ECF 34-1. AHSTAC submits this short response for purposes of framing STAPIMEX's argument against the correct standard of review. AHSTAC supports the Government's response and incorporates by reference the arguments presented in that brief. *See* Def.'s Resp. to Pl.'s Rule 56.2 Mot. for J. on the Agency Record, July 16, 2025 ("Def.'s Br."), ECF 37.

## STATEMENT PURSUANT TO RULE 56.2

**A.     The Administrative Determination Under Review**

The administrative determination under review is the final determination issued by the U.S. Department of Commerce ("Commerce") in the countervailing duty investigation of frozen warmwater shrimp from the Socialist Republic of Vietnam ("Vietnam").[1] The challenged determination was published in the Federal Register as *Frozen Warmwater Shrimp From the Socialist Republic of Vietnam*, 89 Fed. Reg. 85,500 (Dep't Commerce Oct. 28, 2024) ("*Final Determination*").

---

[1] STAPIMEX contends that this action "is brought pursuant to 19 U.S.C. § 1516a(a)(2)(B)(iii)." Pls.'s Br. 1 (emphasis added). This statement is incorrect as the determination contested by STAPIMEX relates to a final affirmative determination issued by Commerce under 19 U.S.C. § 1671d. Thus, the challenged determination is reviewable under 19 U.S.C. § 1516a(a)(2)(B)(i)—and not 19 U.S.C. § 1516a(a)(2)(B)(iii).

Court No. 25-00030

Commerce's factual findings were set out primarily in the "Issues and Decision Memorandum" accompanying the *Final Determination*. *See* Issues and Decision Memorandum for the Final Determination of the Countervailing Duty Investigation of Frozen Warmwater Shrimp from the Socialist Republic of Vietnam (Dep't Commerce Oct. 21, 2024) (Barcode 4653658-02) ("*Decision Memorandum*"). The resulting countervailing duty order was published in the Federal Register on December 26, 2024. *Frozen Warmwater Shrimp From Indonesia: Antidumping Duty Order; Frozen Warmwater Shrimp From Ecuador, India, and the Socialist Republic of Vietnam: Countervailing Duty Orders,* 89 Fed. Reg. 104,982 (Dep't Commerce Dec. 26, 2024).

## B.    The Issue of Law Presented

Whether substantial evidence supported Commerce's selection of data from the Thailand Board of Investment's "Cost of Doing Business in Thailand 2023" report as a benchmark for land.

## <u>ARGUMENT</u>

## I.    COMMERCE'S SELECTION OF BENCHMARK INFORMATION IS REVIEWED UNDER THE SUBSTANTIAL EVIDENCE STANDARD OF REVIEW

As noted above, STAPIMEX presents a single issue for this Court's review— whether Commerce's selection of benchmark data is supported by substantial evidence. In presenting this issue, STAPIMEX fails to apply any consistent standard of review. *See, e.g.*, Pl.'s Br. 2 (arguing that Commerce's benchmark selection "was not reasonable, was an abuse of discretion, was arbitrary and capricious, not based on substantial evidence on the record, and otherwise not in

**Court No. 25-00030**

accordance with law"). As explained below, Plaintiff's arguments fail when applied against the correct substantial evidence standard of review.

The standard of review specified in section 516A of the Tariff Act of 1930, as amended (the "Act"), requires that "{t}he court shall hold unlawful any determination, finding or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i). Generally speaking, Commerce's interpretation of the statute and its regulations are reviewed under the "in accordance with law" standard while the agency's factual findings are reviewed under the substantial evidence standard.[2]

Where the proper standard of review is substantial evidence, the court may "not reweigh the evidence" but will look instead "to whether Commerce's determination . . . is supported by 'evidence that a reasonable mind might accept as adequate to support a conclusion.'" *Matra Americas, LLC v. United States*, 681 F. Supp. 3d 1339, 1375-76 (Ct. Int'l Trade 2024) (quoting *SeAH Steel VINA Corp. v. United States*, 950 F.3d 833, 840 (Fed. Cir. 2020)). Indeed, "{u}nder the substantial evidence review standard, even if an inconsistent conclusion could be drawn from the record, 'such a possibility does not prevent Commerce's determination from being supported by substantial evidence.'" *Saha Thai Steel*

---

[2] STAPIMEX makes multiple references to *Chevron* being the proper framework for reviewing agency's statutory interpretations. *See* Pl.'s Br. 3-4, 13. But the *Chevron* framework was overruled *before* Plaintiff filed its brief. *See Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 412 (2024) ("*Chevron* is overruled."). However, as the single issue of this case should be analyzed under the substantial evidence standard, STAPIMEX's error is not relevant to the legal basis for its appeal.

Court No. 25-00030

*Pipe Public Co. v. United States*, 101 F.4th 1310, 1323 (Fed. Cir. 2024) (quoting *Am. Silicon Techs. v. United States*, 261 F.3d 1371, 1376 (Fed. Cir. 2001)).

It is clear that Commerce's selection of benchmark data is appropriately reviewed under the "substantial evidence" prong of the standard of review. *See, e.g.*, *Hindalco Industries Ltd. v. United States*, No. 23-00260, slip op. 25-95, at 32 (Ct. Int'l Trade July 22, 2025) ("{T}he court reviews its benchmark determinations . . . for substantial evidence and reasonableness."); *Archer Daniels Midland Co. v. United States*, No. 23-00239, 2025 WL 1303955, at *7 (Ct. Int'l Trade May 6, 2025) (explaining that "Commerce's construction of the benchmark must be supported by substantial evidence"); *Mosaic Co. v. United States*, 589 F. Supp. 3d 1298, 1314 (Ct. Int'l Trade 2022) (discussing case law holding that Commerce has "broad discretion" in selecting among benchmark information and that its choice between alternative sources of information will be sustained so long as the agency's selection is reasonable); *Habaş Sinai ve Tibbi Gazlar Istihsal Endüstrisi, A.Ş. v. United States*, 536 F. Supp. 3d 1333, 1343-44 (Ct. Int'l Trade 2021) (explaining that "{f}or a tier-three benchmark to be sustained by the court," it must only be supported by substantial evidence).

Despite the substantial evidence standard plainly applying to challenges to Commerce's selection of benchmark information, STAPIMEX's brief fails to frame its argument against this standard of review. Instead, STAPIMEX invokes multiple standards of review that are inapplicable to this appeal. As described above, Commerce's decision to rely on data from the Thailand Board of Investment's "Cost

4

**Court No. 25-00030**

of Doing Business in Thailand 2023" report as a benchmark for land must be analyzed under the substantial evidence standard. Here, Commerce reasonably concluded after considering all available sources of benchmark information— including STAPIMEX's preferred benchmark data—that the "Cost of Doing Business in Thailand" report constituted the best benchmark information for valuing land rents. *See Decision Memorandum* at 15. Accordingly, the Court should reject STAPIMEX's attempts to shoehorn its argument into any standard of review other than the substantial evidence standard and reject Plaintiff's invitation to reweigh record evidence.

## II. AHSTAC INCORPORATES BY REFERENCE THE ARGUMENTS PRESENTED IN THE GOVERNMENT'S RESPONSE BRIEF

AHSTAC submits this brief for the purpose of framing STAPIMEX's argument against the relevant standard of review. AHSTAC otherwise fully concurs with the arguments presented in the Government's response brief with respect to Commerce's selection of benchmark data and incorporates that response by reference. *See generally* Def.'s Br. 3-19.

**Court No. 25-00030**

<u>**CONCLUSION**</u>

For the foregoing reasons, AHSTAC respectfully requests that the Court

sustain Commerce's final determination and enter judgment for the United States.

Respectfully submitted,

*/s/ Nathaniel Maandig Rickard*

Nathaniel Maandig Rickard
Zachary J. Walker

**PICARD KENTZ & ROWE LLP**
*Counsel to Ad Hoc Shrimp Trade*
  *Action Committee*

Dated: July 23, 2025

## CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies that this brief complies with the word-count limitation set in the Court's May 8, 2025 amended scheduling order. *See* ECF 33. Specifically, this brief contains 1,183 words according to the word-count function of the word-processing software used to prepare the memorandum, excluding the table of contents, table of authorities, and counsel's signature block, which is less than 50 percent of the 5,062 words used in plaintiff's opening brief.

Respectfully submitted,

*/s/ Zachary J. Walker*

Zachary J. Walker

**PICARD KENTZ & ROWE LLP**
*Counsel to Ad Hoc Shrimp Trade
Action Committee*

Dated: July 23, 2025