### IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
### BEFORE: THE HONORABLE LEO M. GORDON, JUDGE

| | |
|---|---|
| SOC TRANG SEAFOOD JOINT STOCK COMPANY,<br><br>   Plaintiff,<br><br> v.<br><br>UNITED STATES,<br><br>   Defendant,<br><br> and<br><br>AD HOC SHRIMP TRADE ACTION COMMITTEE and AMERICAN SHRIMP PROCESSORS ASSOCIATION,<br><br>   Defendant-Intervenors. | Court No. 25-00030 |

### PROPOSED ORDER

Upon consideration of the motion to strike filed by Defendant-Intervenors Ad Hoc Shrimp Trade Action Committee and the American Shrimp Processors Association, and all other papers and proceedings had in this action, it is hereby

**ORDERED** that the motion to strike is **GRANTED**; and it is further

**ORDERED** that Plaintiff's reply brief (ECF 41) is **STRICKEN**; and it is further

**ORDERED** that Plaintiff shall file a revised reply brief that omits references to and arguments based on non-record factual information within seven days of this order.

Dated: _____    _____
  New York, New York              The Honorable Leo M. Gordon, Judge

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: THE HONORABLE LEO M. GORDON, JUDGE**

| | |
|---|---|
| SOC TRANG SEAFOOD JOINT STOCK COMPANY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES,<br><br>　　　　Defendant,<br><br>　and<br><br>AD HOC SHRIMP TRADE ACTION COMMITTEE and AMERICAN SHRIMP PROCESSORS ASSOCIATION,<br><br>　　　　Defendant-Intervenors. | Court No. 25-00030 |

**JOINT MOTION TO STRIKE PLAINTIFF'S REPLY BRIEF**

| | |
|---|---|
| Roger B. Schagrin<br>Elizabeth J. Drake<br>Justin M. Neuman* | Nathaniel Maandig Rickard<br>Zachary J. Walker |
| **SCHAGRIN ASSOCIATES**<br>900 Seventh Street, N.W.<br>Suite 500<br>Washington, D.C. 20001 | **PICARD KENTZ & ROWE LLP**<br>1155 Connecticut Avenue, N.W.<br>Suite 700<br>Washington, D.C. 20036 |
| *Counsel to the American Shrimp Processors Association* | *Counsel to Ad Hoc Shrimp Trade Action Committee* |

\* Admitted only in Ohio. Practice limited to federal agencies and courts.

Dated: December 15, 2025

## **TABLE OF CONTENTS**

Introduction ............................................................................................................................... 1

Argument .................................................................................................................................. 1

    I.    Legal Standard to Strike a Nonconforming Filing ....................................................... 1

    II.   The Court Should Strike Plaintiff's Reply Brief as it Relies on Non-Record Factual Information ................................................................................................................... 2

Conclusion ................................................................................................................................ 6

**Court No. 25-00030**

## INTRODUCTION

On behalf of Defendant-Intervenors Ad Hoc Shrimp Trade Action Committee ("AHSTAC") and the American Shrimp Processors Association ("ASPA"), we hereby submit this joint motion to strike the reply brief filed by Plaintiff Soc Trang Seafood Joint Stock Company ("STAPIMEX").[1] *See* Pl.'s Reply to Def.'s and Def.-Intervenors' Resps. to the Pl.'s Rule 56.2 Mot. for J. on the Agency Record, Aug. 15, 2025 ("Pl's Reply Br."), ECF 41. Plaintiff's reply brief misstates the agency record under review and presents arguments relying on information that was not considered by the U.S. Department of Commerce ("Commerce") in reaching the final determination under review. Alternatively, should the Court decline to strike Plaintiff's reply brief, it should not consider Plaintiff's arguments that are based on the report titled "Thailand Logistics Property Market H1 2022," as that document is not part of the record for review.

## ARGUMENT

### I. Legal Standard to Strike a Nonconforming Filing

This Court has the discretion to strike non-conforming filings. *See, e.g.*, *Aero Rubber Co. v. United States*, 359 F. Supp. 3d 1363, 1366 (Ct. Int'l Trade 2019) (noting that the "court possesses broad discretion in deciding motions to strike"); *Jimlar Corp. v. United States*, 647 F. Supp 932, 934 (Ct. Int'l Trade 1986) (stating that it "is not questioned" that Courts have

---

[1] Defendant-Intervenors are filing this motion as expeditiously as possible after discovering that Plaintiff's reply brief made false statements concerning the administrative record under review and express their regret that this motion is being submitted so close to the scheduled oral argument. The basis for this motion was not apparent to Counsel to Defendant-Intervenors until the afternoon of December 11th when Plaintiff's counsel sought consent to "correct an error in a factual statement in its reply brief" and acknowledged that the report in question was rejected by Commerce and "expunged" from ACCESS. *See* Pl.'s Mot. for Leave to Correct a Factual Statement in Pl.'s Reply Br., Dec. 15, 2025, ECF 50 ("Pl.'s Mot. for Leave").

1

**Court No. 25-00030**

"broad discretion" in considering motions to strike).  Although the granting of a motion to strike constitutes an "extraordinary remedy," it may be appropriate when there has been a "flagrant disregard of the rules" or where the inclusion of improper material may mislead or prejudice the Court.  *Jimlar Corp.*, 647 F. Supp. at 934 (citations omitted); *see also Coal. for Fair Trade in Hardwood Plywood v. United States*, 610 F. Supp. 3d 1344, 1374-75 (Ct. Int'l Trade 2022) (striking information from a reply brief that was "not part of the administrative record" before the agency and disregarding references to such non-record materials and expressing that "the scope of judicial review in antidumping proceedings is based on the 'information before the relevant decision-maker at the time the decision was rendered.'" (quoting *QVD Food Co. v. United States*, 658 F.3d 1318, 1325 (Fed. Cir. 2011)).

II.     **The Court Should Strike Plaintiff's Reply Brief as it Relies on Non-Record Factual Information**

Plaintiff's reply brief states that there are "two" reports "<u>on the record</u>" relevant to its challenge to Commerce's selection of information to measure the adequacy of remuneration for the "Exemption or Reduction of Rents for Encouraged Industries" program.[2]  Pl.'s Reply Br. 2 (emphasis added).  Plaintiff goes on to state that "{b}oth of these reports were placed on the record by the petitioners."  *Id.*  According to Plaintiff, the second of these reports supposedly on the record is titled "Thailand Logistics Property Market H1 2022."  *Id.* ("The Second {*sic*} is entitled "Thailand Logistics Property Market H1 2022.").  Plaintiff's reply brief thereafter relies

---

[2] Plaintiff has filed a motion seeking leave to correct this statement.  *See* Pl.'s Mot. for Leave to Correct a Factual Statement in Pl.'s Reply Br., Dec. 15, 2025, ECF 50.  However, the fact that Plaintiff now acknowledges that the report in question was rejected by Commerce does not relieve it from its obligation to present arguments in this appeal based on the administrative record developed before the agency.  Because the "Thailand Logistics Property Market H1 2022"was "rejected" and "expunged" from the record, it was not considered by Commerce in reaching the challenged determination and not part of the record under review.

2

**Court No. 25-00030**

heavily on information from this report, including how this document defines "logistical property," to challenge Commerce's choice of benchmark information.[3] The issue for Plaintiff is that the "Thailand Logistics Property Market H1 2022" report was not "placed on the record by the petitioners" and is not, in fact, part of the record for review in this case at all.[4] *See* Pl.'s Mot. for Leave at 1-2. Rather, Commerce rejected this report from the record after STAPIMEX <u>attempted</u> to submit the report well after the close of the factual record. *See* Rejection Letter, PR 498 at barcode 4629211-01 (Sept. 11, 2024) (stating that the deadline to submit benchmark information was March 25, 2024 and that STAPIMEX's benchmark submission, made 168 days later on September 9, 2024, was therefore untimely).[5] In rejecting STAPIMEX's untimely

---

[3] For example, Plaintiff's reply brief states that "logistical property containing 'ready-built warehouses' cannot be considered comparable to raw land." Pl.'s Reply Br. 2; *see also id.* at 5 (referencing "the second Thai Report" and its definition of the term "logistical property"), *id.* at 5 (arguing that "{n}o reasonable mind can conclude that land containing 'ready-built warehouses' is the best available information"), *id.* at 6 (contending that Commerce's preferred benchmark is "distortive, because it takes land containing 'ready-built warehouses' to compare to raw land rented by STAPIMEX"), *id.* at 7 (referencing the definition of "logistical property" from the "Thailand Logistics Property Market H1 2022" report), *id.* at 8 (deriving arguments from the "Thailand Logistics Property Market H1 2022" report), *id.* at 10 (arguing that its preferred benchmark submission was "more accurate" because it was for "raw land, rather than prices for land containing 'ready-built warehouses'"), *id.* at 12-13 (claiming that it was "an abuse of discretion for Commerce to choose noncomparable 'logistical property' (land containing 'ready-built warehouses') rather than identical raw land"). This list is not comprehensive but reflects the extent to which arguments based on non-record information befoul the entirety of Plaintiff's reply brief.

[4] Plaintiff doubles-down in its misstatement that the "Thailand Logistics Property Market H1 2022" report was placed on the record by ASPA elsewhere in its reply. *See* Pl.'s Reply Br. 2 ("Thus, even if petitioners had not placed the definition of 'logistical property' in Thailand on the record, we can also turn to a neutral source, the dictionary, to determine what 'property,' 'logistical' property, and 'raw land' mean."). But again, Plaintiff fails to provide any citation to support its claim that the report in question was even part of the administrative record (let alone that it was submitted by ASPA).

[5] STAPIMEX's benchmark submission (which the respondent captioned as a "submission of surrogate value information") was filed on September 9th, the day before the deadline for case briefs. *See* Briefing Schedule, PR 491 at barcode 4624909-01 (Sept. 4, 2024) (setting a deadline of September 10th for the submission of case briefs).

submission, Commerce instructed other interested parties to "destroy or return" any copies of the offending submission.[6] *Id.*

It is understood that this Court's authority for judicial review is confined to the administrative record developed before the agency. *See, e.g.*, *Coal. for Fair Trade in Hardwood Plywood*, 610 F. Supp. 3d at 1374 ("The Court's review of antidumping duty administrative proceedings is limited by statute to the record before the agency." (citing 19 U.S.C. § 1516a(b)(2)(A))); *Kerr-McGee Chem. Corp. v. United States,* 985 F. Supp. 1162, 1165 (Ct. Int'l Trade 1997) ("For purposes of judicial review, the Court may consider only materials contained in the administrative record." (citation omitted)). Specifically, section 516A of the Tariff Act of 1930, as amended, defines the "record for review" as consisting of "all information presented to or obtained by {Commerce} during the course of the administrative proceeding." 19 U.S.C. § 1516a(b)(2)(A)(i).

Commerce's regulations further explain "what constitutes the official and public records of an antidumping or countervailing duty proceeding." *Antidumping Duties; Countervailing Duties*, 61 Fed. Reg. 7,308, 7,312 (Dep't Commerce Feb. 27, 1996) (preamble for section 351.104 of Commerce's regulations). Precisely, Commerce's regulations provide that the record of each proceeding includes "all factual information, written argument, or other material developed by" or presented to the agency, but that "<u>{i}n no case will the official record include any document that the Secretary rejects as untimely filed</u>." 19 C.F.R. § 351.104(a) (emphasis added). As a result, the Federal Circuit has repeatedly upheld Commerce's discretion

---

[6] Because Defendant-Intervenors were instructed by Commerce to "destroy or return" STAPIMEX's untimely benchmark submission, *see* Rejection Letter, PR 498 at barcode 4629211-01 (Sept. 11, 2024), AHSTAC and ASPA are both prejudiced by Plaintiff's attempt to present arguments based on this non-record information.

**Court No. 25-00030**

"to establish and enforce time limits for submitting information." *Goodluck India Ltd. v. United States*, 11 F.4th 1335, 1342 (Fed. Cir. 2021) (citations omitted).

Because the "Thailand Logistics Property Market H1 2022" was not part of the agency record considered by Commerce in reaching its final determination, Plaintiff's reply brief improperly attempts to have this Court go beyond the record developed before the agency. As explained above, the statute, Commerce's regulations, and decades of precedent all confirm that this Court's review is limited to the factual information that was presented to the agency. Here, the record does not include possible benchmark information or rebuttal that STAPIMEX attempted to submit nearly six-months after the deadline for the submission of factual information (and the day before the deadline for interested parties to submit case briefs), because STAPIMEX's submission was expressly rejected by Commerce as untimely.[7] Therefore, the Court must refuse STAPIMEX's invitation to consider this report in analyzing whether Commerce's selection of benchmark information was supported by substantial evidence.

In making this request, Defendant-Intervenors acknowledge that motions to strike are generally disfavored. However, the extent to which Plaintiff's reply brief fails to comply with the basic principles that guide judicial review of Commerce determinations makes this remedy appropriate. Indeed, references to the "Thailand Logistics Property Market H1 2022" report, and

---

[7] STAPIMEX did not challenge Commerce's rejection of its benchmark submission as untimely in its administrative case brief. *See* STAPIMEX Case Brief, PR 495 at barcode 4628374-01. As a result, it failed to exhaust any arguments that rely on the "Thailand Logistics Property Market H1 2022" report by not presenting them to Commerce. *See* 28 U.S.C. § 2637(d). In addition to its failure to exhaust these arguments, STAPIMEX also waived any arguments concerning this report by not presenting them in its opening brief. *See Novosteel SA v. United States*, 284 F.3d 1261, 1273-74 (Fed. Cir. 2002) (noting that arguments raised for the first time in a reply brief are generally waived). Thus, to the extent the Court declines to strike Plaintiff's reply brief, it should still decline to consider any arguments based on the report in question.

**Court No. 25-00030**

arguments based on definitions allegedly contained in that report, run throughout Plaintiff's reply, increasing the possibility that Plaintiff's reply will mislead the Court. Thus, the Court should strike Plaintiff's reply to ensure that its review of the challenged agency determination is confined to the administrative record developed before Commerce.

## CONCLUSION

For the foregoing reasons, Defendant-Intervenors AHSTAC and ASPA respectfully request that the Court strike Plaintiff's reply brief and reject any arguments grounded in factual information that is not part of the administrative record under review.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| /s/ Elizabeth J. Drake | /s/ Zachary J. Walker |
| Roger B. Schagrin<br>Elizabeth J. Drake<br>Justin M. Neuman* | Nathaniel Maandig Rickard<br>Zachary J. Walker |
| **SCHAGRIN ASSOCIATES**<br>900 Seventh Street, N.W.<br>Suite 500<br>Washington, D.C. 20001 | **PICARD KENTZ & ROWE LLP**<br>1155 Connecticut Avenue, N.W.<br>Suite 700<br>Washington, D.C. 20036 |
| *Counsel to the American Shrimp Processors Association* | *Counsel to Ad Hoc Shrimp Trade Action Committee* |

\* Admitted only in Ohio. Practice limited to federal agencies and courts.

Dated: December 15, 2025