**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: THE HONORABLE LEO M. GORDON, JUDGE**

| | |
|---|---|
| **SOC TRANG SEAFOOD JOINT STOCK COMPANY,**<br><br>        Plaintiff,<br><br>  v.<br><br>**UNITED STATES,**<br><br>        Defendant,<br><br>  and<br><br>**AD HOC SHRIMP TRADE ACTION COMMITTEE and AMERICAN SHRIMP PROCESSORS ASSOCIATION,**<br><br>        Defendant-Intervenors. | Court No. 25-00030 |

## PROPOSED ORDER

Upon consideration of the motion filed by Plaintiff Soc Trang Seafood Joint Stock Company for leave to file a corrected reply brief (ECF 50), and all other papers and proceedings had in this action, it is hereby

    **ORDERED** that the motion for leave is **DENIED**.

Dated: _____          _____
    New York, New York                    The Honorable Leo M. Gordon, Judge

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: THE HONORABLE LEO M. GORDON, JUDGE**

| | |
|---|---|
| **SOC TRANG SEAFOOD JOINT STOCK COMPANY,**<br><br>    Plaintiff,<br><br>    v.<br><br>**UNITED STATES,**<br><br>    Defendant,<br><br>    and<br><br>**AD HOC SHRIMP TRADE ACTION COMMITTEE and AMERICAN SHRIMP PROCESSORS ASSOCIATION,**<br><br>    Defendant-Intervenors. | Court No. 25-00030 |

**RESPONSE OF DEFENDANT-INTERVENOR AD HOC SHRIMP TRADE ACTION COMMITTEE TO PLAINTIFF'S MOTION FOR LEAVE TO CORRECT REPLY BRIEF**

Nathaniel Maandig Rickard
Zachary J. Walker

**PICARD KENTZ & ROWE LLP**
1155 Connecticut Avenue, N.W.
Suite 700
Washington, D.C. 20036

*Counsel to Ad Hoc Shrimp Trade*
   *Action Committee*

Dated: December 16, 2025

**TABLE OF CONTENTS**

Introduction ........................................................................................................................... 1

Argument .............................................................................................................................. 1

    I.    Plaintiff's Motion for Leave Fails to Comply with the Court's Rules .......................... 1

    II.   Plaintiff's Statement of the "Relevant Facts" Continues to Present Incorrect Factual Statements Regarding the Administrative Record Under Review .................. 2

    III.  Plaintiff's Motion Fails to Revise its Reply Brief to Remove Arguments that Rely on Information Rejected by Commerce .............................................................. 3

    IV.  The Court Rules and Judicial Precedent Cited by STAPIMEX Are Inapposite .......... 3

Conclusion ............................................................................................................................ 5

Court No. 25-00030

## INTRODUCTION

On behalf of Defendant-Intervenor Ad Hoc Shrimp Trade Action Committee ("AHSTAC" or "Domestic Producers"), we hereby submit this brief response to the motion filed by Plaintiff Soc Trang Seafood Joint Stock Company ("STAPIMEX") which seeks leave "to correct an error" in its August 15th reply brief.[1]  *See* Pl.'s Mot. for Leave to Correct a Factual Statement in Pl.'s Reply Br., Dec. 15, 2025 ("Pl.'s Mot."), ECF 50.  As explained below, while Domestic Producers appreciate Plaintiff's efforts to correct any mistaken factual statements in its reply brief, Plaintiff's suggested revisions are inadequate and continues STAPIMEX's inappropriate attempt to present arguments in this agency record appeal that are based on factual information rejected by the agency as untimely.[2]  Thus, Domestic Producers request that the Court deny Plaintiff's motion.

## ARGUMENT

### I.  Plaintiff's Motion for Leave Fails to Comply with the Court's Rules

Rule 7 states that "{a} request for a court order must be made by motion" and requires that motions "state with particularity . . . the grounds for seeking the order <u>and the legal argument necessary to support it</u>."  USCIT Rule 7(b) (emphasis added).  Rather than present "legal argument" to support its requested relief, Plaintiff's motion mirrors the "legal argument" presented in a motion filed earlier in this action concerning out-of-time extension requests.  *Compare* Pl.'s Mot. at 3 ("The issue regarding STAPIMEX meets the definition of mistake and/or excusable neglect.  Moreover, the current situation does not prejudice other parties."),

---

[1] Domestic Producers are filing this response by the 3:00 pm deadline set by the Court.

[2] As previously noted by Defendant-Intervenors, Plaintiff did not challenge Commerce's rejection of the "Thailand Logistics Property Market H1 2022" report as untimely in its agency case brief.  *See* Joint Mot. to Strike Pl.'s Reply Br. 5 n.7, Dec. 15, 2025 ("Mot. to Strike"), ECF 51.

1

**Court No. 25-00030**

*with* Pl.'s Consent Mot. for Leave Out of Time to File Amended Scheduling Order 3, May 6, 2025 ("The issue regarding STAPIMEX meets the definition of excusable neglect. Moreover, the current situation does not prejudice other parties."), ECF 29. Plaintiff's motion does not explain why the order sought in the pending motion (i.e., leave to correct a "factual statement" in its reply brief) is correctly analyzed using of the same standard applied by the Court in analyzing out-of-time extensions of time. Instead, Plaintiff offers no relevant legal argument to support its requested relief.

**II.     Plaintiff's Statement of the "Relevant Facts" Continues to Present Incorrect Factual Statements Regarding the Administrative Record Under Review**

In seeking leave to correct its reply brief, Plaintiff acknowledges that its reply brief was "factually incorrect" in certain respects. Pl.'s Mot. 1. Specifically, STAPIMEX's motion for leave to correct its reply brief states:

> On page 2, first paragraph, of Plaintiff's Reply Brief, STAPIMEX made the following statement. "STAPIMEX argues that there are not one but two relevant Thai Reports on the record. Both of these reports were placed on the record by petitioners."

*Id.* (quoting Pl.'s Reply to Def.'s and Def.-Intervenors' Resps. to the Pl.'s Rule 56.2 Mot. for J. on the Agency Record 2, Aug. 15, 2025 ("Pl.'s Reply Br."), ECF 41). In seeking leave to correct its reply brief, Plaintiff admits that "{t}he second sentence is factually incorrect." *Id.* But STAPIMEX's claim that there are "two relevant Thai Reports on the record" in the first sentence is also "factually incorrect" because "{i}n no case will the official record include any document that the Secretary rejects as untimely filed." 19 C.F.R. § 351.104(a)(2)(iii). Thus, while acknowledging a single "factually incorrect" statement, Plaintiff's proposed revision to its reply maintains other demonstrably incorrect statements of fact regarding the administrative record under review.

2

**Court No. 25-00030**

### III.    Plaintiff's Motion Fails to Revise its Reply Brief to Remove Arguments that Rely on Information Rejected by Commerce

As noted in the joint motion to strike filed by Defendant-Intervenors, it is beyond cavil that this Court's review is confined to the administrative record developed before the agency. *See* Mot. to Strike 4.[3]  Plaintiff's proposed correction to its reply brief recognizes that Commerce rejected the "Thailand Logistics Property Market H1 2022" report as untimely.  Pl.'s Mot. 4 (citing Rejection Letter, PR 498 at barcode 4629211-01 (Sept. 11, 2024)).  Despite this recognition, Plaintiff's proposed correction to its reply brief asks this Court to treat the report in question as though it is part of the record for review and consider whether information in that report detracts from Commerce's final determination.  *See* Mot. to Strike 3 n.3 (providing examples of Plaintiff's arguments grounded in the non-record "Thailand Logistics Property Market H1 2022" report).  The Court should not permit Plaintiff to correct a brief in order to alter the way it discusses information rejected from the record without also requiring Plaintiff to correct its reply brief to remove arguments based on information "expunged" from the record. *See* Pl.'s Mot. 3 (noting that Commerce "expunged" the report in question from the official record on ACCESS).

### IV.    The Court Rules and Judicial Precedent Cited by STAPIMEX Are Inapposite

Plaintiff's motion cites USCIT Rules 24 and 61 as supporting its request for leave.  *See* Pl.'s Mot. 2-4.  Plaintiff's motion also directs the Court to the Supreme Court's decision in *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership*.  *Id.* at 2-3 (citing *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380 (1993)).  These rules and judicial decisions are inapplicable as described below.

---

[3] To avoid duplication of arguments already presented, Domestic Producers cite the joint motion to strike previously filed by Defendant-Intervenors.

3

**Court No. 25-00030**

According to Plaintiff, the Supreme Court's decision in *Pioneer* is significant to understanding the application of USCIT Rule 61.  *See id.* at 2.  Contrary to Plaintiff's argument, *Pioneer* is wholly irrelevant to the issue here.  *Pioneer* concerns whether an attorney's inadvertent failure to make a particular filing by a court-ordered deadline could be considered "excusable neglect" under the relevant bankruptcy court rule.  *See Pioneer*, 507 U.S. at 382-83; *see also Rockwell Automation Inv. v. United States*, 7 F. Supp. 3d 1278, 1283 (Ct. Int'l Trade 2014) (describing *Pioneer* as the "seminal decision" on the "excusable neglect" standard used by courts to analyze out-of-time motions for extensions of time).  The issue presented in Plaintiff's motion does not involve out-of-time extensions of time, making Plaintiff's citation to *Pioneer* inapposite.

Plaintiff's reference to Rule 24, which concerns intervention, is similarly inapt.  *See* Pl.'s Mot. 4 ("In sum, counsel for STAPIMEX believes that this mistake in its Reply Brief, fits within the definition of 'mistake' in US C.I.T. Rule 24(a) . . . .").  Rule 24(a)(3) concerns the deadline for motions to intervene in actions described in 28 U.S.C. § 1581(c).  USCIT Rule 24(a)(3).  Plaintiff's motion for leave fails to explain how this rule is relevant to its request for leave to correct its reply brief.

4

**Court No. 25-00030**

## CONCLUSION

For the foregoing reasons, Domestic Producers respectfully request that the Court deny Plaintiff's motion for leave to "correct" its reply brief.

/s/ Zachary J. Walker

Nathaniel Maandig Rickard
Zachary J. Walker

**PICARD KENTZ & ROWE LLP**
1155 Connecticut Avenue, N.W.
Suite 700
Washington, D.C. 20036

*Counsel to Ad Hoc Shrimp Trade
  Action Committee*

Dated: December 16, 2025