## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| SOC TRANG SEAFOOD JOINT STOCK COMPANY, ) ) ) ) Plaintiff, ) ) ) v. ) ) ) UNITED STATES, ) ) ) Defendant, ) ) ) And ) ) AD HOC SHRIMP TRADE ACTION ) COMMITTEE, et. al., ) ) ) Defendant-Intervenors. ) ) | Court No. 25-00030<br><br>Hon. Leo M. Gordon Judge |

**RESPONSE OF DEFENDANT-INTERVENOR THE AMERICAN SHRIMP PROCESSORS ASSOCIATION TO PLAINTIFF'S MOTION FOR LEAVE TO CORRECT REPLY BRIEF**

Roger B. Schagrin
Elizabeth J. Drake
Justin M. Neuman*
**SCHAGRIN ASSOCIATES**
900 Seventh Street, N.W.
Suite 500
Washington, D.C.  20001

*Counsel for Defendant-Intervenor, the American Shrimp Processors Association*

*Admitted only in Ohio. Practice limited to federal agencies and courts.

December 16, 2025

**INTRODUCTION**

Defendant-Intervenor the American Shrimp Processors Association ("ASPA") opposes Plaintiff Soc Trang Seafood Joint Stock Company's ("Stapimex") motion to correct its August 15th reply brief. *See* Pl.'s Mot. for Leave to Correct a Factual Statement in Pl.'s Reply Br., Dec. 15, 2025 ("Pl.'s Mot."), ECF 50. The ASPA also concurs with arguments presented by Defendant-Intervenor Ad Hoc Shrimp Trade Action Committee that the Court should not grant Plaintiff's motion to correct its reply brief.

**ARGUMENT**

1. **PLAINTIFF'S MOTION MISCHARACTERIZES THE ADMINISTRATIVE RECORD**

Plaintiff's motion indicates that there is only one error in its reply brief that warrants correction: the characterization that the "Thailand Logistics Property Market H1 2022" report was placed on the record by Plaintiff, rather than by the ASPA. Pl's Mot. 1-2. However, Plaintiff dissembles by characterizing this report as part of the administrative record. Commerce rejected this report for the record because it was filed more than six months late. Rejection Letter, P.R. 498. In rejecting the report from the record, Commerce ordered all parties to destroy or return their copies. Rejection Memo, P.R. 499. Thus, the entire basis of Plaintiff's motion is based on facts that are not on record, or even available for review by other interested parties.

2. **PLAINTIFF'S MISTAKE IS NOT A RESULT OF "EXCUSABLE NEGLECT"**

Plaintiff's reliance on the Supreme Court's decision in *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380 (1993), is inapposite. That case specifically involved the ability of federal courts to accept late filings based on "excusable neglect" where the notification of filing dates was so ambiguous "that {it} would have confused even a person

experienced in bankruptcy." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 380 (1993).

The underlying facts of that case were not at issue. Only the procedural deadlines were. However, there was no ambiguity regarding procedural deadlines in this case, and Plaintiff does not imply that it was neglectful in any way in filing its reply brief in a timely manner. Only the substantive facts are at issue here, and as Plaintiff concedes, it erred in its characterization of the facts. There is no basis to apply any "excusable neglect" standard to its own mischaracterization of the facts at issue.

## CONCLUSION

For the foregoing reasons, the ASPA respectfully requests that this Court deny Plaintiff's motion for leave to correct its reply brief.

Respectfully submitted,

/s/ Elizabeth J. Drake
Roger B. Schagrin
Elizabeth J. Drake
Justin M. Neuman*
**SCHAGRIN ASSOCIATES**
900 Seventh Street, N.W.
Suite 500
Washington, D.C.  20001

*Counsel for Defendant-Intervenor, the American Shrimp Processors Association*

*Admitted only in Ohio. Practice limited to federal agencies and courts.

Dated:  December 16, 2025