IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: LEO M. GORDON, SENIOR JUDGE

| | |
|---|---|
| SOC TRANG SEAFOOD JOINT STOCK CO., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Court No. 25-00030 |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant, | ) |
| | ) |
| and | ) |
| | ) |
| AD HOC SHRIMP TRADE ACTION COMMITTEE and AMERICAN SHRIMP PROCESSORS ASSOCIATION, | ) |
| | ) |
| Defendant-Intervenors. | ) |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO CORRECT AND TO DEFENDANT-INTERVENORS' MOTION TO STRIKE

Defendant, the United States, respectfully submits this response to the motion to correct filed by plaintiff, Soc Trang Seafood Joint Stock Co. (Stapimex), ECF No. 50 (December 15, 2025), and to the motion to strike filed by defendant-intervenors, Ad Hoc Shrimp Trade Action Committee and American Shrimp Processors Associations. ECF No. 51 (December 15, 2025).

In Stapimex's motion to correct, Stapimex alleges that it incorrectly stated that "there are not one but two relevant Thai reports on the record. Both reports were placed on the record by petitioners." Motion to Correct at 1. Stapimex posits that this statement is incorrect because "{p}etitioners placed on the record only the first of these reports. STAMPIMEX placed the second report on the record." *Id.* (capitalization in original). This "second" report refers to a Thailand Logistics Property Market H1 2022 report that was submitted to Commerce by

Stapimex on September 9, 2024. *Id.* at 2.

As Stapimex explains, that report was rejected by Commerce on September 11, 2024, as untimely new factual information. *Id.* Commerce rejected the report because Commerce had closed the record for new factual information submissions on February 26, 2024. *See* Joint Appendix, ECF No. 44 at 100[1] (September 8, 2025); *see* 19 C.F.R. § 351.301(c)(3)(i). Once the regulatory deadline has passed, at the time 30 days before the preliminary results were due to be released, Commerce could not accept any filings as part of the "record." 19 C.F.R. § 351.301(c)(3)(i).

Stapimex's motion to "correct" uses misleading nomenclature of placing non-record information, the Thailand Logistics Property Market H1 2022, onto the "record." Motion to Correct at 2. That Thailand report is not part of the administrative record because it was submitted approximately six months after the record for submitting new factual information was closed and, thus, Commerce properly rejected the submission. Indeed, the barcode cited by Stapimex, barcode 4627641-01, leads to a page confirming that the document was rejected and removed from the system. *See* Attachment 1. Any document that was filed would have been removed from Commerce's Access case management system and not retained by Commerce because the documents were received months after the regulatory deadline. 19 C.F.R. § 351.302(d)(1) ("Unless the Secretary extends a time limit under paragraph (b) of this section, the Secretary will not consider or retain in the official record of the proceeding: (i) Untimely filed factual information, written argument, or other material that the Secretary rejects."). On September 11, 2024, Commerce rejected Stapimex's September 9, 2024, new benchmark

---

[1] Page numbers refer to those numbers stamped by the ECF filing system.

information as untimely because it was filed well after 30 days before the preliminary determination was due. Attachment 2 (barcode 4629211-01).

As to the motion to strike, Commerce shares defendant-intervenors' collective concerns regarding any improper attempt by Stapimex to raise in its reply brief arguments absent from its motion for judgment on the administrative record. *See* Motion to Strike. Nevertheless, we defer to the Court regarding the merits of the motion to strike. We object, however, to any new arguments that Stapimex raises in its reply brief that it failed to raise in its opening brief. *See SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1319 (Fed. Cir. 2006) ("Our law is well established that arguments not raised in the opening brief are waived" (citation omitted)). Short of striking the reply brief, this Court may dispose of Stapimex's new contentions by holding that Stapimex waived any argument that relies upon this "second Thai report" by failing to raise this argument in its motion for judgment on the agency record. Stapimex improperly waited until its reply brief to raise this argument and improperly relies on information that is not on the record. Stapimex Reply Brief, ECF No. 41 at 2 (August 15, 2025) ("{T}he second Thai Report expressly defines 'logistics Property{}' On Page 1 of that second Thai report, is the definition of 'logistics property{}' . . .. Thus, all the arguments by Commerce . . . fail on their face"). Thus, the Court should find waived any arguments that improperly rely on non-record information and were raised for the first time in Stapimex's reply brief.

|  | Respectfully submitted, |
|---|---|
|  | BRETT A. SHUMATE<br>Assistant Attorney General |
|  | PATRICIA M. MCCARTHY<br>Director |
|  | /s/ Reginald T. Blades, Jr.<br>REGINALD T. BLADES, JR.<br>Assistant Director |
| Of Counsel:<br><br>SAMUIL AGRANOVICH<br>Attorney<br>Office of the Chief Counsel for<br>Trade Enforcement & Compliance<br>U.S. Department of Commerce | /s/ Tate N. Walker<br>TATE N. WALKER<br>Trial Counsel<br>Department of Justice<br>Civil Division<br>Commercial Litigation Branch<br>P.O. Box 480, Ben Franklin Station<br>Washington, DC 20044<br>(202) 307-0163 |
| December 16, 2025 | *Attorneys for Defendant* |

# ATTACHMENT 1



Document is rejected and removed from system.

See memo to the official file for additional information.

# ATTACHMENT 2

C-552-838
Investigation
**Public Document**
E&C/OIX: IR

September 11, 2024

**Soc Trang Seafood Joint Stock Company**
c/o John Joseph Kenkel
International Trade Law Counselors, PLLC
8647 Richmond Highway
Suite 623
Alexandria, VA 22309

Re: Countervailing Duty Investigation of Frozen Warmwater Shrimp from the Socialist Republic of Vietnam: Rejection of New Factual Information

Dear Mr. Kenkel:

This letter is in response to your September 9, 2024, submission of benchmark information on behalf of your client, Soc Trang Seafood Joint Stock Company (STAPIMEX) in connection with the above-referenced investigation.[1] For the reasons detailed below, the U.S. Department of Commerce (Commerce) is rejecting your submission.

Pursuant to 19 CFR 351.302(d)(1)(i), unless Commerce extends a deadline, it will not consider or retain in the official record of the proceeding untimely filed factual information, except as provided under 19 CFR 351.104(a)(2). Commerce's regulations, at 19 CFR 351.302(d)(2), elaborate that, "{t}he {agency} will reject such information…with, to the extent practicable, written notice stating the reasons for rejection." Based on our analysis, your September 9, 2024, submission, contains untimely filed factual information in the form of the attached exhibits of benchmark information. The deadline to provide benchmark information under 19 CFR 351.301(c)(3)(i) was no later than 30 days before the preliminary determination (*i.e.*, 30 days before March 25, 2024). No parties requested that Commerce extend this deadline. Consequently, we are rejecting your submission consistent with 19 CFR 351.302(d)(2).

Through this letter, we are also instructing all interested parties served with a copy of STAPIMEX's September 9, 2024, submission to destroy or return their copy(ies) to International Trade Law Counselors, PLLC.

---

[1] *See* STAPIMEX's Letter, "Submission of surrogate value information by Soc Trang Seafood Joint Stock Company (STAPIMEX)," dated September 9, 2024.

Should you have any questions about this matter, please contact Ian Riggs at ian.riggs@trade.gov.

Sincerely,

Whitley Herndon
Program Manager, Office IX
Enforcement and Compliance