**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: THE HONORABLE LEO M. GORDON, JUDGE**

| | |
|---|---|
| SOC TRANG SEAFOOD JOINT STOCK COMPANY (STAPIMEX),<br><br>        **Plaintiff,**<br><br>    **v.**<br><br>UNITED STATES,<br><br>        **Defendant,**<br><br>    **and**<br><br>AD HOC SHRIMP TRADE ACTION COMMITTEE and AMERICAN SHRIMP PROCESSORS ASSOCIATION,<br><br>        **Defendant-Intervenors.** | **Court No. 25-00030** |

<u>**JOINT RESPONSE OF THE DOMESTIC INDUSTRY TO PLAINTIFF'S COUNSEL'S RESPONSE TO THE COURT'S MEMORANDUM AND ORDER**</u>

Roger B. Schagrin
Elizabeth J. Drake
Justin M. Neuman*

**SCHAGRIN ASSOCIATES**
900 Seventh Street, N.W.
Suite 500
Washington, D.C. 20001

*Counsel to the American Shrimp Processors Association*

* Admitted only in Ohio. Practice limited to federal agencies and courts.

Dated: February 17, 2026

Nathaniel Maandig Rickard
Zachary J. Walker

**PICARD KENTZ & ROWE LLP**
1155 Connecticut Avenue, N.W.
Suite 700
Washington, D.C. 20036

*Counsel to Ad Hoc Shrimp Trade Action Committee*

**Court No. 25-00030**

## INTRODUCTION

On behalf of Defendant-Intervenors Ad Hoc Shrimp Trade Action Committee ("AHSTAC") and the American Shrimp Processors Association ("ASPA") (together with AHSTAC, the "Domestic Industry"), we hereby submit this joint submission in reply to the response by Plaintiff's counsel to the Court's show cause order.  *See* Pl.'s Counsel's Resp. to the Court's Mem. and Order, Feb. 4, 2026 ("Pl.'s Counsel's Resp."), ECF 60.  The Court's Memorandum and Order specifically provided Defendant and Defendant-Intervenors with the opportunity to comment on Plaintiff's counsel's response to the Court's order.  *See* Mem. and Order, Jan. 23, 2026 ("Ct. Order"), ECF 59.  While the Domestic Industry defers to the Court as to whether Plaintiff's counsel violated USCIT Rule 11, as well as duties owed to the Court under the D.C. Bar Rules of Professional Conduct, it offers this submission to identify guidance relevant to the Court's interpretation of the applicable rules of professional conduct.

I.       **Guidance from the Board on Professional Responsibility and the D.C. Court of Appeals Is Available to Interpret the D.C. Rules of Professional Conduct**

The Court's order noted that Rule 1.1 of the D.C. Bar Rules of Professional Conduct ("D.C. RPC") "requires that '[a] lawyer shall provide competent representation to a client,' meaning 'the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation.'"  Ct. Order 3 (quoting D.C. RPC 1.1).  Responding to the Court's show cause order, Plaintiff's counsel states that "there is no guidance available demonstrating exactly what" is required by this rule.  Pl.'s Counsel's Resp. 2 (claiming that none of the rulings regarding professional conduct available on the D.C. Bar's website address the competency requirement of Rule 1.1).  Should it be helpful to the Court, the Domestic Industry notes that there appears to be guidance available demonstrating what is required under the relevant rules of professional conduct.

**Court No. 25-00030**

As an initial matter, the D.C. RPC include comments that are designed to "provide guidance for interpreting the Rules" and that offer lawyers with direction on how to "practice[e] in compliance with them." D.C. RPC at Scope; *see also id.* (noting that comments to the rules "are intended as guides to interpretation"). Indeed, Rule 1.1 offers eight comments aimed at providing lawyers with guidance on what is required under the rule's competency requirement. *See* D.C. RPC 1.1. For example, comment eight to Rule 1.1 concerns "maintaining competence" and states that "[t]o maintain the requisite knowledge and skill, a lawyer should keep abreast of changes in the law and its practice, and engage in such continuing study and education as may be necessary to maintain competence." *Id.* at Rule 1.1, Comment 8. Thus, the comments to the D.C. RPC are one source of guidance as to what is required of lawyers under Rule 1.1's competency requirement.[1]

Moreover, the D.C. RPC are interpreted in decisions issued by the Board on Professional Responsibility and the D.C. Court of Appeals. These reports and decisions provide further guidance on what is required of counsel under the rules of professional conduct.

For example, the D.C. Court of Appeals analyzed Rule 1.1's competency requirement in the case *In re Evans*, where it explained that an attorney violates Rule 1.1 when they "fail[] to engage in the thoroughness and preparation reasonably necessary in the course of an active representation." 902 A.2d 56, 69 (D.C. 2006) (citation omitted). The court noted further that under its prior interpretations of Rule 1.1 that "[m]ere careless errors" do not rise to the level of a

---

[1] The Domestic Industry notes that the Board on Professional Responsibility and the D.C. Court of Appeals frequently consider the comments to the rules of professional conduct in interpreting the rule's requirements. *See, e.g.*, *In re Cater*, 887 A.2d 1, 13 (D.C. 2005) (quoting the comments to the rules of professional conduct in analyzing Rule 5.3 of the D.C. RPC); *In re Brown*, 310 A.3d 1036, 1046 (D.C. 2024) (consulting the comments to the rules of professional conduct in analyzing the text of the rules).

**Court No. 25-00030**

violation of Rule 1.1, but instead a violation of that rule requires showing a "serious deficiency" in the representation. *Id.* at 70 (citing *In re Ford*, 797 A.2d 1231, 1231 (D.C. 2002)); *see also In re Yelverton*, 105 A.3d 413, 421 (D.C. 2014) ("Rule 1.1 is broadly worded, and as we have construed it, applies only to failures that constitute a 'serious deficiency' in the attorney's representation of a client."). Thus, relevant guidance from the D.C. Court of Appeals distinguishes between "careless errors," which do not violate Rule 1.1, and conduct that constitutes a serious breach of professional duty.

## II.    Plaintiff's Counsel's Response Misreads the Court's Order

Plaintiff's counsel claims that the "Court's Memorandum cites *Nelson v. Nicholson* for the proposition that it overruled *Pioneer*." Pl.'s Counsel's Resp. 5 (discussing *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380 (1993) and *Nelson v. Nicholson*, 489 F.3d 1380 (Fed. Cir. 2007)). Plaintiff's counsel then claims that *Nelson* "is inapposite to the case at bar." *Id.* at 6. The Court's order did not, however, state that *Nelson* "overruled" *Pioneer*.[2] Instead, the Court observed that *Nelson* further proved why Plaintiff's counsel's reliance on *Pioneer* in its motion to correct its reply brief was misplaced. *See* Ct. Order 6 ("After considering *Pioneer* in its entirety and as explained by the Federal Circuit in *Nelson*, it is clear that *Pioneer* is not applicable to the circumstances of this action.").

Moreover, in maintaining in its response to the Court's order that USCIT Rules 24 and 61 were relevant to Plaintiff's motion to correct its reply brief, Plaintiff's counsel implies that *Pioneer* stands for the principle that "excusable neglect" is synonymous with "harmless error, mistake, inadvertence, [and] surprise." *See* Pl.'s Counsel's Resp. 4. However, "*Pioneer* does

---

[2] Because *Pioneer* was issued by the Supreme Court, it cannot be "overruled" by a decision of a lower court.

3

not stand for the proposition 'no harm, no foul,'" *In re Keene Corp*, 188 B.R. 903, 909 (Bankr. S.D.N.Y 1995), and courts have routinely declined to find neglect to be "excusable" even when no prejudice would result. *See, e.g.*, *Prizevoits v. Indiana Bell Telephone Co.*, 76 F.3d 132, 134 (7th Cir. 1996) (interpreting Rule 4(a)(5) of the Federal Rules of Appellate Procedure and reversing district court ruling granting extension of time for filing of appeal, finding no excusable neglect even though "no harm to the [non-movant] has been shown" and stating that "[t]he word 'excusable' would be read out of the rule if inexcusable neglect were transmuted into excusable neglect by a mere absence of harm").

### III.    Plaintiff's Counsel's Reliance on *Chevron*

The Court's order noted that Plaintiff's opening brief represented the standard of review for legal issues as governed by *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984).  Ct. Order 7.  *Chevron* was, however, overruled by the Supreme Court nearly 12-months before Plaintiff's opening brief was filed in this appeal.[3]  *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024).  Responding to the Court's order, Plaintiff's counsel "admits" that they "did not Shephardize *Chevron*," and declares that they "only learned of" the Supreme Court's decision in *Loper Bright* while "preparing for oral argument."  Pl.'s Counsel's Resp. 6.

The Domestic Industry notes that the response brief filed on behalf of AHSTAC in July of 2025, approximately six months prior to oral argument, included a footnote stating:

> STAPIMEX makes multiple references to *Chevron* being the proper framework for reviewing agency's statutory interpretations.  *See* Pl.'s Br. 3-4, 13.  But the *Chevron* framework was overruled before Plaintiff filed its brief.  *See Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 412 (2024) ("*Chevron* is overruled.").  However, as the single issue of this case should be analyzed under the substantial

---

[3]  Specifically, *Loper Bright* was decided June 28, 2024 and Plaintiff's opening brief was filed May 16, 2025.

**Court No. 25-00030**

> evidence standard, STAPIMEX's error is not relevant to the legal basis for its
> appeal.

Resp. Br. on Behalf of the Ad Hoc Shrimp Trade Action Committee 3 n.2, July 23, 2025,

ECF 39. Thus, the applicability of *Chevron* to the case at bar was fully addressed in written

briefs submitted well before oral argument.

### CONCLUSION

As noted above, (1) there exists guidance explaining what is required of lawyers under

the relevant rules of professional conduct; (2) this Court did not characterize the Federal

Circuit's decision in *Nelson* as overruling the Supreme Court's decision in *Pioneer*; and (3) the

failure to apply the standard of review established by *Loper Bright* was specifically set out in

written briefing in this proceeding well before oral argument. While the Domestic Industry

defers to the Court as to resolving the issues raised in the show cause order, it respectfully

submits this response to assist the Court in identifying materials relevant to its analysis.


Respectfully submitted,                    Respectfully submitted,

/s/ Elizabeth J. Drake                     /s/ Zachary J. Walker

Roger B. Schagrin                          Nathaniel Maandig Rickard
Elizabeth J. Drake                         Zachary J. Walker
Justin M. Neuman*

**SCHAGRIN ASSOCIATES**                    **PICARD KENTZ & ROWE LLP**
900 Seventh Street, N.W.                   1155 Connecticut Avenue, N.W.
Suite 500                                  Suite 700
Washington, D.C. 20001                     Washington, D.C. 20036

*Counsel to the American Shrimp Processors*   *Counsel to Ad Hoc Shrimp Trade Action*
*Association*                                 *Committee*

* Admitted only in Ohio. Practice limited to
federal agencies and courts.

Dated: February 17, 2025

5

**CERTIFICATE OF COMPLIANCE**

I, Zachary J. Walker, hereby certify that this response complies with the page limitation

and formatting requirements set forth in the Court's Memorandum and Order.  *See* ECF 59.

/s/ Zachary J. Walker
Zachary J. Walker

**PICARD KENTZ & ROWE LLP**
*Counsel to Ad Hoc Shrimp Trade*
  *Action Committee*